UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4:18-CR-00438 |
| NICOLAS OLLOQUE III,<br>  a/k/a NICOLAS OLLOQUE,<br>  a/k/a NICHOLAS OLLOQUE<br>                    Defendant. | § § § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Daniel C. Rodriguez, Assistant United States Attorney, and the defendant, Nicolas Olloque III ("Defendant"), and Defendant's counsel, Anthony T. Simmons, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the two-count Indictment. Count One charges Defendant with being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 922(g)(1), is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or

"collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are

4

"effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the two-count Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing; *and*

(b) If the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of Section 3E1.1(a) is 16 or greater, the United States will move under Section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

5

## Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); *and*

6

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; *and*

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the two-count Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

8

On or about February 5, 2018, in the Southern District of Texas, and within the jurisdiction of this Court, **NICOLAS OLLOQUE III**, having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess in and affecting commerce, a firearm, namely a .40 caliber Glock Semiautomatic Pistol, Model 27, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On February 5, 2018, at approximately 3:30 a.m., Houston Police Department Officers Sam Eyre and Javier Perez, were dispatched to 604 E. 42nd Street, Houston, Texas, in reference to a suspicious person with a weapon. Multiple emergency 911 callers had reported that people were shooting several weapons at the location.

Officers Eyre and Perez arrived at the location at approximately 3:39 a.m. and observed an individual, ultimately identified as the Defendant NICOLAS OLLOQUE III, standing in the address' driveway beside a silver 2006 BMW 530i. Officers Eyre and Perez noticed multiple rifle casings on the ground around OLLOQUE and the BMW. Officer Eyre also observed the driver's door of the BMW to be open.

As the officers approached OLLOQUE, he excitedly stated that he had been fired upon. The officers then asked OLLOQUE if he had any weapons on him and

9

he responded by leaning backwards onto the BMW, as if attempting to prevent access to his back. OLLOQUE then grabbed at his waistline and pulled on his shirt to show officers a previous gunshot wound and, in so doing, Officer Eyre observed a pistol holster in the front waistband of OLLOQUE's pants.

The empty holster in OLLOQUE's waistband, the rifle casings on the ground, OLLOQUE's furtive movements toward his waist resulted in the officers acquiring a concern for their safety and initiated a "pat down" search of OLLOQUE for weapons. As Officer Perez attempted to check OLLOQUE's back, OLLOQUE attempted to reach for his back pants' pocket, which the officers prevented. The pat down search ultimately resulted in the discovery of a .40 caliber Glock, Model 27, semiautomatic pistol, hereinafter referred to as "the firearm," in OLLOQUE's back-right pants' pocket.

Officer Eyre then seized the firearm and upon subsequent inspection determined that the firearm possessed three .40 caliber Winchester hollow point rounds in a seated 15-round magazine, which he also seized. He then secured the firearm and ammunition in his patrol car.

Bureau of Alcohol, Tobacco and Firearms (ATF) Special Agent (SA) Jason Airoldi would testify that on April 24, 2018, he examined the firearm and determined

the firearm met the definition of a firearm as defined by Title 18, United States Code, Section 921(a)(3)(A) and that it functioned as designed.

ATF SA Stephen Bridgmon, an identification and origin of firearms and ammunition expert, would testify that on April 30, 2018, he determined that the firearm was a firearm as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3) and was not manufactured in the State of Texas. SA Bridgmon would further testify that if this firearm was possessed in the State of Texas, it had traveled in or affected interstate and/or foreign commerce.

The Government would introduce certified felony conviction documents related to OLLOQUE's Criminal History, which would establish the following:

1) OLLOQUE was convicted on one (1) felony count of Evading Arrest with Motor Vehicle, (Cause #1013396) on January 19, 2005, in the 183rd District Court of Harris County, Texas. He received 180 days confinement in the Harris County Jail;

2) OLLOQUE was convicted on one (1) felony count of Possession with Intent to Deliver Cocaine (Cause #1095075) on December 8, 2006, in the 209th District Court of Harris County, Texas. He received three (3) years confinement in the Institutional Division, Texas Department of Criminal Justice (TDCJ);

3) OLLOQUE was convicted on one (1) felony count of Possession of Controlled Substance Penalty Group One, (Cause #1295237) on March 28, 2013, in the 183rd District Court of Harris County, Texas. He received two (2) years confinement in the Institutional Division, TDCJ;

11

4) OLLOQUE was convicted on one (1) felony count of Burglary of Vehicle, (Cause #1283165) on June 16, 2011, in the 183rd District Court of Harris County, Texas. He received 90 days confinement in the Harris County Jail; *and*

5) OLLOQUE was convicted on one (1) felony count of Attempted Felon in Possession of a Weapon, (Cause #1533036) on June 2, 2017, in the 230th District Court of Harris County, Texas. He received 15 days confinement in the Harris County Jail.

Harris County Latent Print Examiner (LPE) Dimitri Payavla would testify that he conducted a fingerprint comparison of the fingerprints present on the fingerprint card from OLLOQUE's arrest on February 5, 2018 and the fingerprints present on the aforementioned certified five felony conviction documents. LPE Payavla would further testify that his fingerprint comparison determined the fingerprints present on the fingerprint card and on the certified five felony conviction documents were fingerprints of the same individual, namely Defendant NICOLAS OLLOQUE III.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this

plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.

Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

19. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

14

21. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

23. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

24. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth

in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___September 28___, 2018.

_____
Nicolas Olloque III
Defendant

Subscribed and sworn to before me on ___September 28___, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____          _____
Daniel C. Rodriguez                                      Anthony T. Simmons
Assistant United States Attorney                Attorney for Defendant
Southern District of Texas

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § § | Criminal No. 4:18-CR-00438 |
| NICOLAS OLLOQUE III, § a/k/a NICOLAS OLLOQUE, § a/k/a NICHOLAS OLLOQUE § Defendant. § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending two-count Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     09-28-2018
Anthony T. Simmons                Date
Attorney for Defendant

17

I have consulted with my attorney and fully understand all my rights with respect to the two-count Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          9·28·18
Nicolas Olloque III                Date
Defendant